UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FREDDIE LAMAR GRIFFIN,

    Plaintiff,

v.                                             CASE NO. 8:18-cv-1721-T-26TGW

UNITED STATES OF AMERICA,

    Defendant.
_____/

**O R D E R**

**UPON DUE AND CAREFUL CONSIDERATION** of the procedural history of this case and the underlying criminal case,[1] the Court concludes that Plaintiff's Motion to Vacate is due to be denied for the following reasons.

First, as the Defendant correctly contends, 18 U.S.C. § 924(c)(3)(B) is not unconstitutionally vague even in light of Johnson v. United States, 135 S. Ct. 2251 (2015) or Sessions v. Dimaya, 138 S. Ct. 1204 (2018). See Ovalles v. United States, 905 F.3d 1231 (11th Cir. 2018) (*en banc*). Second, utilizing the conduct-based approach of Ovalles, there can be no question that the kidnapping of the victim which formed the basis for count three of the superseding indictment was clearly a crime of violence. As the victim of the offense recounted, he was forcibly removed from his vehicle at the point of a

---

[1] See case number 8:08-cr-27-T-26TGW.

firearm in the early morning hours, was thrown into his kidnappers' vehicle where he was threatened with firearms and death, and was forced, again with the threat of death, to remove money from his checking account at an ATM banking facility.[2] Finally, the concurrent sentence doctrine arguably relieves this Court of having to review Plaintiff's challenge to his sentence with respect to count four of the superseding indictment in view of the validity of the sentences imposed in the other eight counts of the indictment inasmuch as the Plaintiff would suffer no adverse collateral consequences as a result of the unreviewed sentence. See Cazy v. United States, 717 F.App'x. 954, 956 (11th Cir. 2017) (unpublished) (citing United States v. Bradley, 644 F.2d 1213, 1293 (11th Cir. 2011)).

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Vacate (Dkt. 1) is denied. The Clerk is directed to enter judgment for Defendant and to close this case.

**DONE AND ORDERED** at Tampa, Florida, on January 4, 2019.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[2] See id., docket 131, pages 188-230 (trial testimony of victim).